# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:10-cv-264-RJC-DSC

| | | |
|---|---|---|
| **BROWN BARK III, L.P.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | <u>**ORDER**</u> |
| | ) | |
| **LAOTIAN CULTURE CENTER OF** | ) | |
| **NORTH CAROLINA, INC., et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

   **THIS MATTER** comes before the Court on Plaintiff Brown Bark III, L.P.'s ("Plaintiff")
Motion to Administratively Stay Action Pending Final Determination in the Receivership Action
Pending in State Court, (Doc. No. 20).  Defendants Laotian Culture Center of North Carolina,
Inc., Syma Inthanonh, Sommouth Inthanonh, and Dennis O'Dea ("Defendants") did not respond
to Plaintiff's motion.

   Plaintiff's complaint avers that Plaintiff is the holder of a past due note and asks this
Court to "enter a declaratory judgment and decree of foreclosure and sale, declaring and
establishing that Plaintiff holds the senior lien interest in [Defendants'] Property."  (Doc. No. 1
at 7).  Plaintiff now asks this Court to stay this case due to the pendency of a parallel state action
in Mecklenburg County Superior Court regarding whether Plaintiff actually is the holder of the
note.  (Doc. No. 20 at 2) (citing Case No. 08-CVS-11920).

   The Declaratory Judgment Act gives courts wide discretion to decline to exercise their
jurisdiction where a related proceeding is pending in state court.  <u>Travelers Home and Marine
Ins. Co. v. Pope</u>, No. 0:10-cv-1688, 2010 WL 4607024, at *2 (citing <u>New Wellington Fin. Corp.</u>

v. Flagship Resort Dev. Corp., 416 F.3d 290, 297 (4th Cir. 2005)).

> When deciding whether or not to stay or dismiss a declaratory judgment action when there is a related proceeding underway in state court, a district court should weigh principles of "federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." In doing so, a court considers the following four factors: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

Id. at *2 (quoting Nautilus Ins. co. v. Winchester Homes, 15 F.3d 371, 376 (4th Cir. 1994);

United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493-94 (4th Cir. 1998)).

Plaintiff states that it has "agreed to the State Court's determination of [whether it is the note holder] and has agreed not to prosecute the above-styled judicial foreclosure action pending a final determination of said issue by the State Court." (Doc. No. 20 at 2). The pending state action involves North Carolina real property and includes many interested parties who are not joined in this action. (Doc. No. 20 at 1-2). This Court finds that: (1) North Carolina has a strong interest in resolving issues involving its real property, (2) the state action can resolve this issue more efficiently than this Court, (3) there is a common legal issue that may unnecessarily entangle this Court with the North Carolina court, and (4) there is no evidence of forum shopping. This Court declines to proceed until the state receivership court decides whether Plaintiff is the holder of the note in question. This Court will stay this case until the state court decides that question. See Travelers, 2010 WL 4607024, at *2 ("a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy").

The Court orders Plaintiff to file a notice with this Court within thirty (30) days of the state court's resolution of the note's ownership. Defendants must answer Plaintiff's complaint within twenty-one (21) days of Plaintiff's filing of such notice. Should Plaintiff fail to notify this Court of the state court's decision within this deadline, this Court will dismiss Plaintiff's case. This action is stayed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Administratively Stay Action Pending Final Determination in the Receivership Action Pending in State Court, (Doc. No. 20), is **GRANTED**;

2. This case is stayed until the Mecklenburg County Superior Court decides who is the holder of the note claimed by Plaintiff in Case No. 08-CVS-11920;

3. Plaintiff must file a notice with this Court within thirty (30) days of the state court's resolution of the note's ownership; and

4. Defendants must answer Plaintiff's complaint within twenty-one (21) days of Plaintiff's filing of such notice.

Signed: November 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge